UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:18-cr-255 |
| Plaintiff, | : | JUDGE SARGUS |
| v. | : | |
| SHAWN R. MARSHALL, | : | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Defendant. | : | |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Shawn Marshall ("Defendant" or "Marshall"). For the reasons set forth herein, the United States recommends a total term of imprisonment of 60 months to run concurrent with Marshall's current federal sentence, followed by three years of supervised release, to include participation in cognitive behavioral treatment, mental health treatment, and compliance with all prescribed medications. The Government submits that an upward variance from the advisory guideline range of 37-46 months is appropriate in this case given the egregiousness of Defendant's conduct and history.

**I.      Factual Background**

In 2016, Marshall was incarcerated with the Ohio Department of Rehabilitations and Corrections, serving a 16-year sentence for Rape and Kidnapping. On or about April 26, 2016, Marshall knowingly caused a letter to be delivered by the U.S. Postal Service, postmarked April 22, 2016, to Judge Keith Spaeth in Hamilton, Ohio, which contained the following threat:



Marshall later admitted sending this letter and using a false name on the letter's envelope as the sender. Marshall had no connection to Butler County or Judge Spaeth, but simply saw the Judge's name on another inmate's papers.

On or about June 6, 2016, Marshall knowingly caused a letter to be delivered by the U.S. Postal Service, postmarked June 3, 2016, to the Ohio Supreme Court in Columbus, Ohio, which contained the following threat to injure the female Justices of the Supreme Court:



The note also contained a drawing of an anarchist symbol that matched a tattoo on Marshall's chest. Marshall admitted to placing semen/seminal fluid, wrapped in plastic, in the envelope with the letter to help identify himself – despite using a false sender name on the envelope – and to

make the threat more credible. Marshall also admitted to having no connection to the Ohio Supreme Court.

In addition to Marshall's admissions, handwriting analysis concluded that Marshall likely wrote both letters. DNA testing of the semen/seminal fluid also confirmed that it belonged to Marshall. Marshall claimed to have taken these actions to attract the attention of federal law enforcement in hopes of a transfer to a facility that would better address his mental health needs – or at the very least get him out of the Southern Ohio Correctional Facility in Lucasville, Ohio.

Of course, these were not the only threatening letters that Marshall wrote to people and places across the State of Ohio. In January of 2017, he admitted in an interview with law enforcement to sending four threatening letters in 2014 and 2015 to places, including the Dayton News and Cincinnati News. He also admitted sending a letter to a Cleveland, Ohio courthouse that included a mouse head.

On April 14, 2016, Marshall also mailed a threatening letter to the Akron Municipal Court stating:



After I get out shortly, I look forward to strapping a bomb to my body and walking into your municipal courthouse and being America's first suicide bomber.

Marshall signed the letter, "a servant of ISIS." Marshall was prosecuted for mailing this letter, and, on February 3, 2020, was sentenced to serve 35 months of imprisonment. *United States v.*

*Shawn R. Marshall*, Case No. 5:18CR00580 (N.D. Ohio 2020). However, his current projected release date is May 22, 2021, so Marshall will only serve a little over 15 months for his conduct. [1]

## II. Procedural History

On December 6, 2018, a federal grand jury returned an Indictment charging Defendant with two counts of Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c). On January 4, 2021, Marshall pleaded guilty to Counts 1 and 2 of the Indictment pursuant to a Rule 11(c)(1)(C) Plea Agreement and attached Statement of Facts. The parties agreed to a term of imprisonment not less than the low-end of the Sentencing Guidelines range calculated in this case, which is to run concurrently with the sentence imposed in *Marshall*, Case No. 5:18CR00580. Further, the United States reserved the right to seek a sentence above the Sentencing Guidelines range, including the statutory maximum.

## III. Sentencing Guidelines Calculation

### a. Statutory Maximum Sentence

The maximum sentence for Mailing Threatening Communications is five years' imprisonment, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment.

### b. Sentencing Guidelines Calculation

In imposing a sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range

---

[1] https://www.bop.gov/inmateloc/ (last accessed April 27, 2021). Through communications with the Bureau of Prisons, it appears that Marshall was given credit for time served dating back to October 31, 2018, when he was initially brought over on a writ for the NDOH case. The typical practice is that an inmate will continue to receive credit on their state sentence while on a writ and the federal sentence would begin only after the state sentence is complete. In this case, Marshall received credit both on his state sentence and his federal sentence for the same one-year period, which adjusted his release date from May 22, 2022 to May 22, 2021.

established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). As the Presentence Investigation Report ("PSR") correctly calculates: the base offense level is **12** pursuant to U.S.S.G. § 2A6.1(a)(1); and there is a **6**-level increase because the victim was a government officer and the offense was motivated by such status pursuant to U.S.S.G. §§ 3A1.2(a) and (b) for a total adjusted offense level of **18** on each count. As a result of grouping, **2** additional levels are added to the highest offense level (**18**) for a combined adjusted offense level of **20**; there is a **3**-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). These calculations result in a total adjusted offense level of **17**. Defendant is a Criminal History Category IV, which at an offense level **17**, corresponds to a guideline range of 37-46 months.

Although the Defendant does not object to the PSR's calculation of his Criminal History Category, he does argue that it overrepresents his criminal history and seeks a downward variance to Criminal History Category III. Marshall suggests achieving this variance by subtracting the three points awarded for his conviction in the Northern District of Ohio for the threatening letter to bomb the courthouse in Akron, which also was sent in April 2016. However, including Marshall's prior conviction does not substantially overrepresent his criminal history – instead, it accurately represents Marshall's conscious decision on a day separate than the letters charged in the instant case, to terrorize a completely separate victim for his own personal benefit in another jurisdiction. Each threatening letter stands on its own as a separate criminal offense (not a crime spree) – just as in this case, the letters resulted in the application of additional levels because they do not group together under the Guidelines. Thus, Marshall's Criminal History Category is appropriately representative of his criminal history.

### IV. The Proper Sentence

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors include:

> (1) Nature and circumstances of the offense; history and characteristics of the defendant;
> (2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (3) The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant;
> (4) The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (5) Guidelines and policy statements issued by the Sentencing Commission;
> (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

***The Nature and Circumstances of the Offense.*** The nature and circumstances of this case, as set forth above, are incredibly serious. Marshall threatened violent and graphic injury and death to multiple judges – and sent bodily fluids to at least one set of victims to back it up! These were not just any random threats either. The letter to the female justices of the Ohio Supreme Court was thoughtful in referencing Marshall's prior violent offense of rape and the act of including his semen certainly meant there was time to think through his actions. In his letter to Judge Spaeth, he chose to reference ISIS – a known foreign terrorist organization that would certainly draw law enforcement's attention and potentially increase fear and the validity of the threat to the recipient. What is more, these were not Marshall's only letters – this type of conduct dated back several years and included one additional letter in 2016 threatening to blow up a courthouse in Akron,

6

Ohio. The egregiousness of his criminal conduct warrants a lengthy sentence of imprisonment greater than the advisory guideline range.

*The History and Characteristics of the Defendant.* The Court must also consider Marshall's history and characteristics. Marshall's childhood was no doubt tragic and traumatic. But Marshall's violence towards others reflected in his criminal history and records while incarcerated give the Government great pause. He also has a history of mental health issues and would benefit from assessments for treatment, and likely medication, while incarcerated and upon release consistent with the recommended conditions for supervised release.

*To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense.* A lengthy term of imprisonment, especially given the short sentence Marshall will serve for the letter sent to the Akron courthouse, is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Marshall's actions in repeatedly threatening harm to others – and including bodily fluids for credibility – demonstrate an absolute lack of respect for the law and others. Even while incarcerated, Marshall has a long list of disciplinary infractions involving violence or the threat of violence. The seriousness of his conduct cannot be overstated, and a significant punishment is warranted.

*The Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of Defendant.* Perhaps no factor is of greater concern to the Government that the need to deter Marshall's criminal conduct in the future and protect the public from further crimes – both on the inside and the inevitable date down the road when he is released. Out of that concern came the decision to hold Marshall accountable in each jurisdiction in Ohio impacted by his criminal and egregious conduct in 2016. Moreover, the need to protect the public is especially

7

great when Marshall's criminal history, which includes acts of violence, is viewed in conjunction with the violent and threatening letters Marshall mailed. Sadly, violence appears to be the method and language that Marshall uses to solve problems and that simply cannot continue.

With respect to general deterrence, the message must be sent that threatening harm to persons – even if the harm is not achieved – can and will result in prison time. An inmate's desire for attention or a different placement cannot be rewarded with a light sentence given the impact a threatening letter has on its recipient.

### V.     Conclusion

For the reasons set forth above, the United States respectfully recommends that Defendant Shawn Marshall be sentenced to serve a total term of imprisonment of 60 months to run concurrent with Marshall's current federal sentence, followed by three years of supervised release. The Government submits that this sentence is sufficient but not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

*s/Jessica W. Knight*
JESSICA W. KNIGHT (0086615)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via the Court's CM/ECF system this 27th day of April, 2020 upon Deborah Williams, Esq., counsel for Shawn Marshall.

                 *s/Jessica W. Knight*
                 JESSICA W. KNIGHT (0086615)
                 Assistant United States Attorney